**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| Gary Tyrone Rutledge,<br><br>Petitioner,<br><br>v.<br><br>Warden of Berkeley County Detention Center,<br><br>Respondent. | C/A No. 8:26-cv-01244-JD-WSB<br><br>**ORDER** |
|---|---|

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 9), recommending that Petitioner Gary Tyrone Rutledge's Petition for Writ of Habeas Corpus (DE 1) be dismissed without prejudice and without requiring Respondent to file an answer or return. For the reasons that follow, the Court adopts the Report's recommendation and dismisses this action.

**A. BACKGROUND**

Petitioner, proceeding pro se, filed this action under 28 U.S.C. § 2254, challenging his state pretrial detention and certain conditions of his bond. Specifically, Petitioner raises constitutional claims concerning his bond, GPS monitoring, and alleged financial losses, along with claims premised on maritime law and the Uniform Commercial Code. (DE 1.)

On March 30, 2026, the Magistrate Judge issued the Report recommending dismissal without prejudice because Petitioner failed to exhaust available state

remedies and because of the abstention principles established in *Younger v. Harris*, 401 U.S. 37 (1971). (DE 9.) The Report advised Petitioner of his right to file specific written objections and the consequences of failing to do so. (DE 9 at 13.)

Petitioner subsequently submitted correspondence requesting a state post-conviction relief form and information concerning a PCR proceeding he filed in 2019. (DE 12.) The correspondence does not reference the Report or identify any disagreement with its findings or recommendation.

**B. STANDARD OF REVIEW**

The Magistrate Judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of any portion of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

To trigger de novo review, an objection must identify the grounds for disagreement with sufficient specificity to reasonably alert the district court to the alleged error. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Although pro se filings are liberally construed, general objections that do not identify any grounds for disagreement do not require de novo review. *Id.* In the absence of specific objections, the Court need only review the Report for clear error. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## C. DISCUSSION

The Court has reviewed Petitioner's correspondence (DE 12) and finds that it does not constitute an objection to the Report. Rather, Petitioner requests documents and information concerning a prior state post-conviction proceeding. Even liberally construed, the correspondence does not challenge the Magistrate Judge's findings or identify any basis for rejecting the recommended dismissal. Accordingly, the Court reviews the Report for clear error. Having carefully reviewed the record, the applicable law, and the Report, the Court finds no clear error in the recommendation.

Although Petitioner filed this action under § 2254, his challenge to state pretrial detention is properly considered under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973). Petitioner has not demonstrated that he exhausted available state remedies concerning his detention and bond conditions or that special circumstances warrant federal pretrial intervention. The Report also appropriately recognizes the abstention concerns implicated by federal interference with state criminal proceedings. *See Younger*, 401 U.S. at 43–45.

Accordingly, the Court finds no clear error in the Magistrate Judge's recommendation that the Petition be dismissed without prejudice. Because the procedural grounds are dispositive, the Court need not address the merits of Petitioner's remaining claims.

## D. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (DE 9) insofar as it recommends dismissal based on failure to exhaust available state remedies and the abstention principles of *Younger*. Petitioner's Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return.

The Court further declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural disposition debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 17, 2026